Filed 5/26/23 P. v. Lucas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079563 |
| v. | (Super.Ct.No. ICR9720) |
| WILFRED CARL LUCAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Anthony R. Villalobos, Judge. Affirmed.

Kristen Owen, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Lynne G. McGinnis and Stephanie A. Mitchell, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I. INTRODUCTION

Defendant and appellant Wilfred Carl Lucas participated in a home-invasion robbery that resulted in the death of one of defendant's coparticipants, as well as the death of an occupant of the home. In 1986, defendant was convicted of multiple offenses arising from this incident, including first degree murder (Pen. Code, § 187, subd. (a)).[1] In 2019, he filed a petition for resentencing pursuant to section 1172.6.[2] The trial court denied the petition, relying, in part, on defendant's sworn parole hearing testimony to conclude that defendant was a major participant who acted with reckless indifference to human life in the commission of a felony.

On appeal, defendant does not contest the sufficiency of the evidence to support the trial court's findings. Instead, he contends that the trial court erred by relying on his parole hearing testimony because the testimony was: (1) inadmissible as unreliable hearsay; (2) inadmissible as an involuntary statement obtained in violation of his due process rights; and (3) subject to the use immunity doctrine. We disagree with each of these contentions and affirm the trial court's order.

## II. FACTS & PROCEDURAL HISTORY

In 1986, defendant was convicted by a jury of first degree murder (§ 187, subd. (a)); first degree burglary (§ 459); and two counts of attempted robbery (§§ 664,

---

[1] Undesignated statutory references are to the Penal Code.

[2] At the time, the statutory provision was numbered 1170.95, but it was subsequently renumbered section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.)

2

211). The jury also found true allegations that: defendant was a principal in the commission of a felony in which another principal used a gun (§ 12022, subd. (a)); defendant admitted suffering a prior serious felony conviction (§ 667); and defendant further admitted serving three prior prison terms (former § 667.5, subd. (b)). As a result, defendant was sentenced to an aggregate term of 34 years to life in state prison.

In 2019, defendant filed a petition for resentencing pursuant to section 1172.6. The trial court issued an order to show cause on the petition and held an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3), on August 5, 2022. At the hearing, the People submitted the following evidence for the trial court's consideration: (1) the unpublished opinion from defendant's direct appeal; (2) the reporter's transcript of defendant's trial; (3) the clerk's transcript from defendant's trial; (4) the transcript of defendant's testimony at a parole hearing held in January 2015; and (5) the transcript of a taped police interview of defendant conducted at the time of his arrest for the underlying offenses.

At the conclusion of the hearing, the trial court denied defendant's petition. In a written order, the trial court found that the admissible evidence presented at the hearing established beyond a reasonable doubt that defendant was a major participant who acted with reckless indifference to human life during the commission of the robbery, resulting in defendant's ineligibility for resentencing. The trial court explained that it relied upon the transcripts of defendant's trial and the transcript of defendant's testimony during his 2015 parole hearing in making its findings. Specifically, the trial court noted that, at the time of defendant's parole hearing, defendant admitted that he: planned the robbery;

3

identified the victim as the potential target of his planned robbery; stole a firearm for the specific purpose of using it to commit the robbery; chose his coparticipant in the robbery precisely because he believed his coparticipant was "the most craziest" who "would do" something "crazy that I couldn't do myself"; was present during the robbery; and that he witnessed the victim "going down," realized that he "couldn't save him," so he "turned and . . . left and . . . ran away."

## III. DISCUSSION

On appeal, defendant argues the trial court erred in denying his petition for resentencing because it relied on his parole hearing testimony, which should have been considered inadmissible. Specifically, defendant contends that his parole hearing testimony constituted: (1) unreliable hearsay, (2) an involuntary statement obtained in violation of his due process rights, and (3) a coerced statement subject to the use immunity doctrine. As we explain, defendant's parole hearing testimony was admissible under the party admission exception set forth in Evidence Code section 1220. Additionally, we conclude that defendant has forfeited his claim that the parole hearing testimony constituted an involuntary or coerced statement and that, even in the absence of forfeiture, the record is insufficient for us to reach that conclusion on the merits.

A. *General Legal Principles and Standard of Review*

"Our Legislature enacted what is now section 1172.6 and simultaneously amended sections 188 and 189 in order to eliminate criminal liability for murder, attempted murder, and manslaughter absent a showing of the defendant's *personal* intent. . . . Now, a conviction for these crimes requires proof that the defendant (1) was the actual killer

4

. . . , (2) directly aided and abetted the actual killer while acting with the intent to kill, or (3) was a major participant in a felony who acted with reckless indifference to the value of human life." (*People v. Duran* (2022) 84 Cal.App.5th 920, 927 (*Duran*).)

"[S]ection 1172.6 is the statutory mechanism for determining whether to *retroactively* vacate a final murder . . . conviction that does not comply with the new, narrower definitions." (*Duran*, *supra*, 84 Cal.App.5th at p. 927.) "A defendant seeking relief under section 1172.6 must 'file a petition' alleging entitlement to relief along with '[a] declaration' attesting to eligibility for relief. [Citation.] If the defendant 'makes a prima facie showing' of entitlement to relief . . . , then the court must in most cases convene an evidentiary hearing where the People bear the burden of establishing beyond a reasonable doubt that the defendant is guilty of the pertinent crime under the new, narrower definitions." (*Duran*, at p. 927.)

" 'The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. . . . The prosecutor and petitioner may also offer new or additional evidence to meet their respective burdens.' " (*People v. Patton* (2023) 89 Cal.App.5th 649, 656; *Duran*, *supra*, 84 Cal.App.5th at p. 927.)

"On appeal, 'an appellate court applies the abuse of discretion standard of review to any ruling by a trial court on the admissibility of evidence, including one that turns on the hearsay nature of the evidence in question.' " (*People v. Hovarter* (2008) 44 Cal.4th 983, 1007-1008.) However, " '[t]he abuse of discretion standard is not a unified

5

standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*People v. Thai* (2023)\_\_\_Cal.App.5th\_\_\_ (Apr. 11, 2023, G060963) [2023 Cal.App. Lexis 274, *8]; *People v. Dekraai* (2016) 5 Cal.App.5th 1110, 1140; *Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.) In this case, the aspect of the trial court's ruling challenged on appeal raises only issues of law subject to our independent review. (*People v. Grimes* (2016) 1 Cal.5th 698, 711-712 [The question of whether the trial court correctly construed a provision of the Evidence Code in admitting hearsay evidence is subject to our independent review.]; *Duran*, *supra*, 84 Cal.App.5th at p. 928 ["Whether use immunity exists and whether a statement is involuntary within the meaning of due process are questions of law we review de novo."].)

B. *The Parole Hearing Testimony Was Admissible as a Party Admission*

We first address defendant's claim that his parole hearing statement should have been considered inadmissible hearsay because it was untrustworthy. On appeal, defendant concedes that his parole hearing statement "would technically fall under Evidence Code section 1220 as a 'party admission,' " but argues that the trial court should nevertheless have held such evidence inadmissible because it was inherently untrustworthy. In doing so, defendant essentially argues that a finding of trustworthiness is a foundational element necessary to admit evidence under Evidence Code section 1220. We decline to adopt this view.

6

"Hearsay is an out-of-court statement offered for the truth of the matter asserted and is generally inadmissible. [Citation.] But there are a number of exceptions to this rule. One, the party-admission exception codified in Evidence Code section 1220, covers '[e]vidence of a statement . . . when offered against the declarant in an action to which he is a party . . . .' " (*People v. Flinner* (2020) 10 Cal.5th 686, 735.) "While 'sometimes referred to as the exception for admissions of a party,' Evidence Code section 1220 'covers all statements of a party, whether or not they might otherwise be characterized as admissions.' " (*People v. Gonzalez* (2021) 12 Cal.5th 367, 409 (*Gonzalez*).)

Nothing in the text of Evidence Code section 1220 suggests that a party admission must first be determined trustworthy as a foundational requirement for admission as evidence.[3] (Evid. Code, § 1220.) In fact, it is generally understood that "the only preliminary fact that is subject to dispute is the identity of the declarant," and "an admission is admissible upon the introduction of evidence sufficient to sustain a finding that the party made the statement." (Law Rev. Comm. Comments, Evid. Code, § 403 (1965) Deering's Ann. Evid. Code (2004 ed.) p. 177; see Assem. Com. on Judiciary com., reprinted at 29B pt. 1B West's Ann. Evid. Code (2011) foll. § 403, p. 20.) In accordance with this understanding, the California Supreme Court has repeatedly applied Evidence Code section 1220 without including a finding of trustworthiness as a

---

[3] In full, the provision reads: "Evidence of a statement is not made inadmissible by the hearsay rule when offered against the declarant in an action to which he is a party in either his individual or representative capacity, regardless of whether the statement was made in his individual or representative capacity." (Evid. Code, § 1220.)

7

foundational requirement. (*People v. Carpenter* (1999) 21 Cal.4th 1016, 1049 [concluding party admission was admissible upon a showing that "defendant was the declarant, the statements were offered against him, and he was a party to the action"]; *Gonzalez*, *supra*, 12 Cal.5th at p. 409 [same]; *People v. Horning* (2004) 34 Cal.4th 871, 898 [same]; *People v. Rodriguez* (2014) 58 Cal.4th 587, 637 [same]; *People v. Kraft* (2000) 23 Cal.4th 978, 1035 [rejecting contention that admission of writing pursuant to Evidence Code 1220 is subject to a "heightened reliability requiremen[t]"].)

Defendant has not cited to any authority for the proposition that trustworthiness is a foundational requirement for admission of hearsay testimony under Evidence Code section 1220. Instead, he cites to numerous cases dealing with different statutory exceptions to the hearsay rule but has not offered a persuasive reason why the foundational requirements applicable to other statutory hearsay exceptions should be extended to the party admission exception. Given the long, unbroken line of California Supreme Court authority applying the party admission exception without such a requirement, we decline to read an additional foundational requirement into the statute.

We agree with defendant that courts should not turn a blind eye to the potential motives of a criminal defendant when providing a parole hearing statement. Nevertheless, in our view, these matters are more relevant to the trial court's determination of the weight and credibility to be given to a parole hearing statement and not to its admissibility. "When there are valid reasons to doubt the probity of a parole hearing statement, the trial judge can hear and appraise arguments in the case's context and accord the statement due weight. . . . No reason exists to preempt trial judges'

8

particularized evaluation with our own blanket rule of exclusion." (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 590.) Thus, a defendant remains free to argue that his parole hearing statement should be treated with skepticism or entirely disregarded as untrustworthy. However, we decline to read a trustworthiness requirement as a foundational element necessary to the admissibility of such evidence.

C. *Defendant Has Forfeited His Claim that the Parole Hearing Testimony Was Involuntary and the Record Is Inadequate To Support the Claim Even Absent Forfeiture*

Defendant also argues that his parole hearing statement should be considered inadmissible because it was an involuntary statement or, alternatively, a coerced statement subject to the use immunity doctrine. " 'The use of coerced confessions, whether true or false, is forbidden because the method used to extract them offends constitutional principles. . . . An involuntary confession is inadmissible for any purpose . . . ." (*People v. Jimenez* (2021) 73 Cal.App.5th 862, 875-876; *People v. Sanchez* (2019) 7 Cal.5th 14, 50 [" ' "[A]n involuntary confession may not be introduced into evidence at trial." ' "].) A closely related doctrine is that of use immunity, which is "'immunity from the use of compelled testimony, as well as evidence derived directly and indirectly therefrom," which is intended to overcome any claim that compelled testimony violates a witness's Fifth Amendment rights. (*People v. Cooke* (1993) 16 Cal.App.4th 1361, 1366.) We conclude that defendant's argument has been forfeited for failure to raise the issue below and further concluded that, even in the absence of forfeiture, the record is insufficient to support the claim on the merits.

1. <u>Forfeiture</u>

"A defendant may not challenge the admissibility of evidence on appeal if he or she failed to raise a proper objection on those grounds in the trial court." (*People v. Myles* (2021) 69 Cal.App.5th 688, 696 (*Myles*) [to preserve claim of error based upon inadmissibility of evidence, objection to evidence in trial court must be on same grounds raised on appeal]; Evid. Code, § 353, subd. (a).) Indeed, our Supreme Court has repeatedly held that the failure to object to the introduction of a statement on the ground that the statement was involuntary is subject to forfeiture. (*People v. Tully* (2012) 54 Cal.4th 952, 992 [defendant forfeited claim that statements were involuntary by failing to object]; *People v. Williams* (2010) 49 Cal.4th 405, 435 ["A defendant ordinarily forfeits elements of a voluntariness claim that were not raised below."].)

Here, as the People correctly note, the record does not suggest that defendant ever objected to the admission of his parole hearing testimony on the basis that the testimony was coerced or involuntary. Having failed to do so, he cannot now claim on appeal that the trial court should have excluded the evidence on this ground or otherwise applied the use immunity doctrine to this evidence. Indeed, his failure to object on this ground deprived the People of the opportunity to develop the record on this point and deprived the trial court of the ability to make necessary findings related to involuntariness. (See *Tully*, *supra*, 54 Cal.4th at p. 992 [forfeiture appropriate because "trial counsel never mustered evidence in support of an involuntariness claim and the trial court was never asked to undertake a voluntariness analysis"].)

10

In his reply brief, defendant essentially concedes that involuntariness was not an objection raised in the trial court proceeding but argues that we should not deem the issue forfeited because the failure to object constituted ineffective assistance of counsel. However, an appellant "cannot automatically obtain merit review of a noncognizable issue by talismanically asserting ineffective assistance of counsel." (*People v. Riel* (2000) 22 Cal.4th 1153, 1202.) Instead, to obtain reversal based on ineffective assistance of counsel on direct appeal, the record must affirmatively show that counsel had no rational tactical purpose for an action or omission. *(People v. Mickel* (2016) 2 Cal.5th 181, 198; *People v. Anderson* (2001) 25 Cal.4th 543, 569.)

The record in this case is simply inadequate to make such a showing. As the People correctly point out, "parole cannot be conditioned on admission of guilt to a certain version of the crime." (*Myles*, *supra*, 69 Cal.App.5th at p. 706; § 5011, subd. (b); Cal. Code Regs., tit. 15, § 2236.) Thus, we cannot presume that a defendant's parole statement was involuntary and, if the statement was voluntarily given, that fact would constitute a rational basis for trial counsel to decline to pursue the objection. When faced with a silent record on direct appeal, we cannot conclude that trial counsel had no rational purpose for the failure to object on this ground and must instead conclude that the issue was forfeited.

2. The Record Does Not Support Defendant's Argument Even Absent Forfeiture

Finally, even in the absence of forfeiture, we would conclude that the record before us is not sufficient to conclude that defendant's parole hearing statement was involuntary or should have been subject to a grant of use immunity.

11

In *Myles*, *supra*, 69 Cal.App.5th 688, our colleagues in the First District Court of Appeal considered and rejected the claim that parole hearing testimony should be considered per se involuntary or that a defendant is entitled to use immunity for such testimony. In doing so, it reasoned that parole hearing testimony cannot be considered coerced or involuntary per se because a defendant is "not compelled to file a [section 1172.6] petition, nor testify at [a] parole hearing, nor . . . participate in [a] risk assessment interview" and, "[h]aving chosen to be truthful in the assessment interview and testify truthfully at the parole hearing, it is not fundamentally unfair to admit that information during a resentencing proceeding voluntarily initiated by defendant bearing on some of the same issues." (*Myles*, at p. 706.) The Court of Appeal further explained that the use immunity doctrine does not apply because admission of such evidence at a hearing under section 1172.6 does not implicate a defendant's Fifth Amendment rights, since a sentence modification proceeding under the statute is an act of lenity and not a criminal trial. (*Myles*, at p. 706.)

As defendant concedes, numerous published decisions by the Courts of Appeal have endorsed the conclusion reached in *Myles*. (*People v. Duran*, *supra*, 84 Cal.App.5th at pp. 928-932; *People v. Mitchell* (2022) 81 Cal.App.5th 575, 588-590; *People v. Anderson* (2022) 78 Cal.App.5th 81, 88-93.) Defendant has not directed our attention to any published decision that has reached a contrary conclusion. Thus, the weight of authority clearly holds that the mere fact that defendant's sworn statement was given in the context of a parole hearing does not establish that the statement was involuntary or subject to use immunity.

We recognize the fact that a defendant may face various pressures or competing incentives at a parole hearing. Thus, there may be case-specific circumstances that warrant a closer review to determine if such incentives rise to the level of coercion rendering parole hearing testimony involuntary. A trial court hearing a section 1172.6 petition can consider any case-specific circumstances regarding the reliability of the testimony given at a parole hearing and what weight to give to it. In any event, defendant has not argued that any case-specific facts warrant such a conclusion here. Instead, he urges us to reject all of the published authority on this issue in order to hold that the mere fact his sworn statement was given in the context of a parole hearing should justify a finding that it was involuntary. We decline to do so and instead conclude that, on this record, defendant has not shown that his parole hearing testimony was involuntary or coerced, such that it should have been excluded as inadmissible at the time of the evidentiary hearing on his section 1172.6 petition. Given this conclusion, defendant has failed to show error warranting reversal, and we have no occasion to consider the issue of prejudice.

## IV. DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                   J.

We concur:

CODRINGTON
          Acting P. J.

RAPHAEL
                    J.